FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

NOV 2 8 2011

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KENNETH LEE GARDNER** | * | |
| Petitioner | * | |
| | * | Civil No.: PJM 09-1508 |
| v. | * | Crim. No.: PJM 06-0422 |
| **UNITED STATES OF AMERICA** | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Kenneth Lee Gardner, proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255 [Paper No. 32] and a Supplemental Pleading and Amendment to His Original § 2255 Motion [Paper No. 35]. Having considered the Motions and the Government's Opposition, the Court **DENIES** the Motions.

### I.

On September 20, 2006, a federal grand jury returned an indictment charging Gardner with possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g). Thereafter, through counsel Gardner engaged in plea negotiations with the Government. In connection with those negotiations, Gardner filed a request for a pre-plea presentence report ("PSR"), which the Court granted. The pre-plea PSR issued by U.S. Probation and Pretrial Services concluded, among other things, that Gardner might qualify as an Armed Career Criminal subject to enhanced penalties under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The PSR set forth and explained the sentencing calculations for the charged offense under the federal sentencing guidelines.

Ultimately, Gardner entered a guilty plea to the indictment pursuant to a written plea agreement with the Government. At sentencing, the sole issue disputed by the parties was whether Gardner qualified as an Armed Career Criminal under the ACCA. The Court found that Gardner had four qualifying convictions under the ACCA,[1] and that he therefore qualified as an Armed Career Criminal. The Court then sentenced him to 180 months in prison—at the very bottom of the applicable advisory guideline range, and the mandatory minimum sentence for a violation of 18 U.S.C. § 922(g) by an Armed Career Criminal.

Gardner timely appealed his sentence on July 24, 2007, arguing that the Court violated his Sixth Amendment right to a jury trial when it sentenced him as an Armed Career Criminal on the basis of judicially-determined facts that were neither admitted by him nor had been proved to a jury beyond a reasonable doubt. The Fourth Circuit rejected Gardner's appeal by a decision dated January 22, 2008. *United States v. Gardner*, 266 F. App. 232 (4th Cir. 2008). Gardner's petition for a writ of certiorari to the Supreme Court was denied on May 27, 2008. On May 14, 2009, he filed the instant Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255, and on July 20, 2009, filed a Supplemental Pleading and Amendment to His Original § 2255 Motion.

## II.

In his original Motion, Gardner argues that his sentence should be vacated because: (1) the Court violated his Sixth Amendment right to a jury trial when it determined, without submitting the matter to a jury, that his prior convictions qualified as "violent felonies" under the ACCA; (2) his statutory right to a speedy trial was violated insofar as neither the Government

---

[1] The four qualifying convictions were: (1) a 2000 conviction for second-degree assault; (2) a 2001 conviction for conspiracy to distribute cocaine; (3) a 2001 conviction for second-degree assault; and (4) a 2003 conviction for second-degree assault.

nor the Court brought him to trial within the time period required by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*; and (3) his court-appointed counsel was ineffective in failing to object to the fact that his indictment made no reference to the ACCA and in failing to challenge the sources the Court relied upon in determining that he qualified as an Armed Career Criminal. In his Supplemental Pleading and Amendment, Gardner further argues that: (4) his counsel was ineffective and his due process and Sixth Amendment rights were violated based on counsel's failure to object when the Court enhanced his sentence pursuant to the ACCA; (5) his counsel was ineffective and his due process right were violated based on counsel's failure to object when the Court handed down a sentence above the maximum stipulated in the plea agreement; and (6) his counsel was ineffective in failing to argue for a downward sentencing departure based on his diminished mental capacity at the time of the charged offense.

In response, the Government argues that: (1) Gardner's sentencing under the ACCA was not constitutionally defective; (2) his speedy trial claim is both meritless and procedurally defaulted; (3) his ineffective assistance of counsel claims fail to satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984); and (4) the additional claims raised in Gardner's supplemental briefing are untimely.

For the following reasons the Court rejects all of Gardner's claims.

### III.

Gardner's first claim is that the Court violated his Sixth Amendment right to a jury trial when it sentenced him as an Armed Career Criminal on the basis of judicially-determined facts that were neither admitted by him nor had been proved to a jury beyond a reasonable doubt.

The Fourth Circuit has rejected this argument on numerous occasions, including in Gardner's direct appeal. *See United States v. Gardner*, 266 F. App. 232 (4th Cir. 2008)

(rejecting Gardner's argument that his sentence violated the Sixth Amendment "because [his] predicate convictions were neither admitted by him nor proved to a jury beyond a reasonable doubt"); *United States v. Cheek*, 415 F.3d 349, 352 (4th Cir. 2005) ("[T]he Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt."). Not only is Gardner precluded from re-litigating in a § 2255 proceeding an issue dealt with by the appeals court on direct review, *see United States v. Linder*, 552 F.3d 391, 396-97 (4th Cir. 2009); his argument also runs squarely against well-settled case law, and is therefore rejected.

## IV.

Gardner's second claim asserts an "unconstitutional violation of [his] statutory right to a speedy trial," since neither "[t]he government nor the court brought [him] to trial within . . . 70 days[,] as required by the Speedy Trial Act, of [his] arraignment or indictment, whichever came last." This claim is barred both procedurally and on the merits.

The claim is procedurally barred because Gardner did not raise it on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice, or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Here, since Gardner has made no showing of cause and actual prejudice or actual innocence with respect to the matter, his claim is procedurally barred.

Gardner's claim also fails on the merits. Pursuant to the Speedy Trial Act, the Government must file an information or indictment "within thirty days from the date on which [the defendant] was arrested or served with a summons," 18 U.S.C. § 3161(b), and the

defendant's trial must "commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *Id.* § 3161(c)(1).

The Act, however, contains several exceptions to these rules. For instance, a defendant's failure "to move for dismissal prior to trial or entry of a plea of guilty or *nolo contendere* shall constitute a waiver of the right to dismissal under this section." *Id.* § 3162(a)(2); *see also Zedner v. United States*, 547 U.S. 489, 502 (2005) (noting that a defendant waives a completed violation of the Act "by declining to move to dismiss before the start of trial or the entry of a guilty plea"); *United States v. Andrews*, 365 F. App. 480, 483 (4th Cir. 2010) (same). In addition, the Act specifically states that delays resulting from the filing, consideration, and disposition of any pre-trial motion(s) "shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h)(1)(D); *see also Bloate v. United States*, 130 S. Ct. 1345, 1353 (2010) (noting that the Act automatically excludes delays resulting from pre-trial motions).

Gardner was indicted on September 20, 2006. He pled guilty on April 5, 2007, some 197 days after his indictment. However, the record indicates that he waived any right to relief he might have had under the Act because he failed "to move for dismissal prior to trial" and entered "a plea of guilty or *nolo contendere*." 18 U.S.C. § 3162(a)(2). The record also demonstrates that, on October 13, 2006, some 23 days after his indictment, Gardner filed two pre-trial motions, only one of which was resolved by the time of his guilty plea.[2] Since the filing of pre-trial motions tolls the time period within which the Government is obligated to bring Gardner to trial,

---

[2] Gardner filed a Motion to Suppress Evidence and a Motion for Leave to Amend, Supplement, Withdraw, or File Additional Motions. The Court granted the Motion for Leave on November 17, 2006, but the Motion to Suppress was still pending when Gardner pleaded guilty on April 5, 2007.

*see* 18 U.S.C. § 3161(h)(1)(D), and since Gardner's motions were filed a mere 23 days after his indictment and were never fully resolved, the Act's 70-day time period did not run. *See* 18 U.S.C. § 3161(h)(1)(D). For these reasons, Gardner's Speedy Trial Act claim must be rejected.

V.

Gardner next argues that his court-appointed counsel was ineffective because she failed to object to the fact that his indictment never referred to the ACCA and because she failed to make a *Shepard* argument at either his sentencing or on direct appeal. *See Shepard v. United States*, 544 U.S. 13 (2005) (holding that a sentencing court may not look to police reports or complaint applications to determine whether a previous a conviction constituted a predicate offense under the ACCA). These claims do not pass muster under the Supreme Court's *Strickland* test and are therefore without merit.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To demonstrate actual prejudice, a petitioner must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Judicial scrutiny of counsel's performance is "highly deferential," and a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citation omitted). In addition, where a petitioner challenges a conviction entered after a guilty plea, the "prejudice" prong is modified slightly. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In that case, a petitioner "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59

(1985)); *accord Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007), *cert. denied*, 554 U.S. 925 (2008).

Gardner maintains that his counsel was ineffective because she "did not object to or argue the fact(s) that the indictment did not contain any reference to 18 U.S.C. § 924(e), which is the statute for the [ACCA] enhancement." This argument is a mere rephrasing of the first claim Gardner's Motion to Vacate, rejected in Section III, *supra*. Gardner's counsel followed controlling precedent when she did not object to the omission of the predicate convictions in the indictment. Accordingly, Gardner has not shown that his counsel's conduct fell below an objective standard of reasonableness. *See, e.g., United States v. Anthony*, 149 F. App. 135, 136 (4th Cir. 2005) ("[W]e also reject [defendant's] claim that his counsel rendered ineffective assistance for failing to assert a meritless objection in the district court.").

Gardner also asserts that his counsel was ineffective because she did not challenge the sources of information the Court relied upon in determining that he was an Armed Career Criminal pursuant to *Shepard v. United States*, 544 U.S. 13 (2005). Such an objection would have been futile, however. The ACCA provides that a felon found to be in possession of a firearm in violation of 18 U.S.C. § 922(g) who "has three previous convictions . . . for a violent felony or a serious drug offense or both, committed on occasions different from one another," 18 U.S.C. § 924(e)(1), is considered an Armed Career Criminal whose offense level can be enhanced pursuant to U.S.S.G. § 4B1.4. The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year," and "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B)(i). The Court found Gardner to be an Armed Career Criminal based upon his

four predicate felonies, which included three "violent" felonies (second-degree assault convictions under Maryland law).

Gardner suggests that the Court did not look to the correct sources of information in order to determine whether his prior felony convictions met the "violent felony" standard of the ACCA. Under Fourth Circuit precedent, sentencing courts apply a "categorical" approach and analyze the elements of a predicate crime to ascertain whether it includes the elements of "physical force" or "physical injury" to qualify as a "violent felony" under the ACCA. *United States v. Rivers*, 595 F.3d 558, 562-63 (4th Cir. 2010). However, "[w]hen the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the 'modified categorical approach'" applies, and courts may "determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010) (citations omitted).

Because second-degree assault under Maryland law "encompasses several distinct crimes, some of which qualify as violent felonies and others of which do not," *United States v. Alston*, 611 F.3d 219, 223 (4th Cir. 2010), the Court was obliged to employ the categorical approach in reviewing Gardner's three predicate assault convictions. *See* Md. Code Ann., Crim., § 3-201(b) ("'Assault' means the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings."). The Court did just that; it examined the plea colloquies of the three prior second-degree assault convictions and concluded that they qualified as "violent felonies" under the ACCA, because they involved the "use, attempted use, or threatened use of

physical force against [another] person" pursuant to § 924(e)(2)(B)(i). Gardner pled guilty in Montgomery Circuit Court to second-degree assault: (1) on June 2, 2000, based on a domestic dispute that left his girlfriend with "a busted lip"; (2) on August 31, 2001, based on Gardner pointing a loaded gun at the victim and threatening her; and (3) on October 28, 2003, based on Gardner grabbing his wife by the neck and striking her "with his fist on the right side of the face."

Since the Court did not err in relying on the plea colloquies, any challenge by Gardner's counsel would have been futile. As such, counsel's failure to raise such an objection was well within the ambit of professional competence under *Strickland*. Furthermore, even if counsel's conduct were deemed to have fallen below an objective standard of reasonableness, Gardner cannot demonstrate prejudice. There is no evidence that counsel's failure to make a *Shepard* argument "affected the outcome of the plea process," since counsel's allegedly deficient representation occurred at Gardner's sentencing hearing and on direct appeal *after* his decision to plead guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

V.

In his Supplemental Pleading and Amendment to His Original § 2255 Motion, Gardner rehashes arguments previously asserted but "adds an additional claim involving his mental health for sentencing purposes . . . ." The claims that are repetitive are without merit for the reasons discussed above and need not be considered again. His "additional claim," having been made outside the one-year limitations period under § 2255, is procedurally barred.

Congress established a one-year limitations period for motions for collateral relief under § 2255. *See* 28 U.S.C. § 2244(d)(1). The one-year period in this case began to run on May 27, 2008, when the Supreme Court denied Gardner's writ of certiorari and his judgment became

final. *See* 28 U.S.C. § 2255(1); *Clay v. United States*, 537 U.S. 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *see also United States v. Segers*, 271 F.3d 181, 184 (4th Cir. 2001) ("[F]or a defendant who files a petition for certiorari with the United States Supreme Court, the conclusion of direct review occurs when the United States Supreme Court either denies his petition or decides his case on the merits.") Although Gardner filed his original § 2255 petition within the one-year period, his supplement containing the new claim was filed well past the May 27, 2009 deadline. That Supplemental Pleading and Amendment is procedurally barred except to the extent that it comports with Fed. R. Civ. P. 15(c)(1)(b), which permits an amendment that "relates back" to the original, timely pleading. But as the Rule states, an amendment "relates back" to the original only if the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed R. Civ. P. 15(c)(1)(b). The Supreme Court has clarified that an amended habeas petition does *not* relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *see also United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000). Hence, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 454 U.S. at 659 (citations omitted).

Gardner's "additional" claim clearly asserts a new ground for relief. To argue that counsel provided ineffective assistance because she failed to move for a downward sentencing departure based on his diminished mental capacity at the time of the charged offense, *see* U.S.S.G. § 5K2.13, is a claim Gardner concedes he did not raise in his original petition. The

additional claim is based on facts that differ in both time and type from those in the original petition, which focused on counsel's failure to lodge objections to application of the ACCA. Accordingly, Gardner's claim is procedurally barred and is not subject to relation back. *See Gray v. Branker*, 529 F.3d 220 (4th Cir. 2008) (upholding lower court's dismissal of defendant's amended petition that asserted a claim that arose out of different facts than those in the original petition to the court).

VI.

Rule 11(a) of the Rules Governing § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has considered the record and finds that Gardner has not made the requisite showing here.

VII.

For the foregoing reasons, Petitioner Gardner's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 [Paper No. 32] and Supplemental Pleading and Amendment to His Original § 2255 [Paper No. 35] are **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 23, 2011**